**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-2127**

CHARLES K. GATEBE,

       Plaintiff - Appellant,

   v.

BILL NELSON, NASA Administrator,

       Defendant - Appellee,

   and

UNIVERSITIES SPACE RESEARCH ASSOCIATION,

       Defendant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:18-cv-00182-PX)

Submitted:  January 25, 2024                      Decided:  March 5, 2024

Before THACKER and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Stephanie Rapp-Tully, TULLY RINCKEY PLLC, Washington, D.C., for Appellant.  Erek L. Barron, United States Attorney, Tarra DeShields-Minnis, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,

Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles K. Gatebe appeals the district court's orders excluding his proposed expert witness and granting summary judgment for his employer, the National Aeronautics and Space Administration (NASA), on his claims raised under Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e to 2000e-17. Specifically, Gatebe claimed that his nonselection for a position as a Research Physical Scientist in Climate and Radiation Studies ("the Climate Position") was based on his race, and that his subsequent nonselection for a position as a Research Physical Scientist in Earth Sciences Remote Sensing ("the Hydrology Position") was based on his race and in retaliation for prior protected activity. Finding no reversible error, we affirm.

"We review a district court's decision on expert evidence for an abuse of discretion." *United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 318 (4th Cir. 2018). Rule 702 of the Federal Rules of Evidence provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion" if (1) "the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (2) "the testimony is based on sufficient facts or data"; (3) "the testimony is the product of reliable principles and methods"; and (4) "the expert has reliably applied the principles and methods to the facts of the case."[1] Under Rule 702, a district court acts as a gatekeeper to ensure "that the

---

[1] Rule 702 was amended in December 2023. We have quoted the pre-amendment version that was in effect when the district court issued its decision.

3

expert opinions rest on a reliable foundation and are relevant to the task at hand." *Ancient Coin Collectors Guild*, 899 F.3d at 318 (brackets and internal quotation marks omitted). "The Supreme Court has explained that relevance—or what has been called fit—is a precondition for the admissibility of expert testimony, in that the rules of evidence require expert opinions to assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.* (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in excluding the proposed expert's testimony, which asserted that Gatebe, a Black man, was more qualified than the white candidates who ultimately filled the Climate and Hydrology Positions. Gatebe's proposed expert was his former colleague, and Gatebe has not cited a single case in which a federal court has allowed a plaintiff's former coworker to testify as an expert witness in a Title VII case. We have repeatedly rejected Title VII plaintiffs' reliance on their coworkers' opinions about their job performance. *See, e.g.*, *King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003); *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000); *DeJarnette v. Corning Inc.*, 133 F.3d 293, 299 (4th Cir. 1998). In addition, Gatebe's proposed expert chose his own criteria to judge the candidates, and he did not focus primarily on what the relevant decisionmakers were looking for—experience in radiative transfer for the Climate Position and snow water equivalent ("SWE") for the Hydrology Position. Nor was the proposed expert's method reliable, as his method of scoring the candidates was subjective. And he did not even apply his own criteria—when discussing the importance of publications, he explained that it was necessary to read the publications,

4

yet he did not read any of the candidates' publications. Accordingly, we discern no abuse of discretion in the district court's exclusion of this testimony.

Turning to the district court's grant of summary judgment in favor of NASA, we review a district court's summary judgment ruling de novo, "applying the same legal standards as the district court and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020). "Summary judgment is warranted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict for the nonmoving party." *J.D. ex rel. Doherty v. Colonial Williamsburg Found.*, 925 F.3d 663, 669 (4th Cir. 2019) (internal quotation marks omitted). In conducting this inquiry, courts may not "weigh conflicting evidence or make credibility determinations." *Id.* But "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

Gatebe proceeded under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). To establish a prima facie failure-to-hire claim under *McDonnell Douglas*, a plaintiff must show "that he (1) is a member of a protected class; (2) applied for the position in question; (3) was qualified for the position; and (4) was rejected for the position under circumstances giving rise to an inference of

5

unlawful discrimination." *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 189 (4th Cir. 2004), *abrogated on other grounds by Green v. Brennan*, 578 U.S. 547 (2016). To establish a prima facie case of retaliation, a plaintiff is required to "show (1) that []he engaged in protected activity; (2) that h[is] employer took an adverse action against h[im]; and (3) that a causal connection existed between the adverse activity and the protected action." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 578 (4th Cir. 2015) (brackets and internal quotation marks omitted). If Gatebe makes these showings, NASA then must proffer a legitimate, nondiscriminatory and nonretaliatory reason for Gatebe's nonselection. *Id.*; *Worden v. SunTrust Banks, Inc.*, 549 F.3d 334, 341 (4th Cir. 2008). Finally, Gatebe has the burden to show that NASA's legitimate reason was, in fact, a pretext for intentional discrimination or retaliation. *Jacobs*, 780 F.3d at 578; *Worden*, 549 F.3d at 341.

We conclude that the district court correctly found that a reasonable jury could not find NASA's reasons for not selecting Gatebe were pretextual. Although the plaintiff need not have been the better-qualified candidate for the position, he nevertheless must show "evidence which indicates that [the employer's] stated reasons . . . were a pretext for discrimination." *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 269 (4th Cir. 2005). We "assess relative job qualifications based on the criteria that the employer has established as relevant to the position in question." *Heiko v. Colombo Sav. Bank, F.S.B.*, 434 F.3d 249, 259 (4th Cir. 2006). A plaintiff "cannot establish pretext by relying on criteria of h[is] choosing when the employer based its decision on other grounds." *Anderson*, 406 F.3d at 271.

6

While Gatebe had strong credentials, so did the other candidates selected for the two positions.  A review of their resumes shows that they both had the relevant experience that NASA's job description highlighted and the decisionmakers sought—namely, radiative transfer for the Climate Position and SWE for the Hydrology Position.  While Gatebe tries to rely on the alleged preselection of a candidate for the Climate Position, the relevant decisionmaker did not conduct the initial screen of the applicants and thus it was not guaranteed that his preferred candidate would be referred for an interview.  But even if we credited Gatebe's argument, preselection by itself does not show an intent to discriminate. *See id.*

We also conclude that Gatebe cannot establish a causal connection based on temporal proximity to support his retaliation claim.  Gatebe notified the decisionmaker in January 2018 that he engaged in protected activity, and the other candidate for the Hydrology Position was hired in May 2018.  We have rejected shorter gaps as insufficient to establish causation based on temporal proximity alone.  *See Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 127 (4th Cir. 2021); *King*, 328 F.3d at 151 n.5.  Moreover, as the district court correctly recognized, the fact that the decisionmaker recommended hiring a different candidate (who ultimately declined the job offer) over Gatebe the fourth time the Hydrology position was posted—which occurred before the decisionmaker learned of Gatebe's protected activity—further demonstrated that the decisionmaker did not act with

7

a retaliatory animus.[2] *Cf. Baqir v. Principi*, 434 F.3d 733, 748 (4th Cir. 2006) (recognizing a plaintiff must "show that the relevant [decisionmakers] were aware of his [protected activity] at the time the alleged retaliation occurred").

Therefore, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] NASA had difficulty filling the Hydrology position. Gatebe applied the fourth and fifth times the job was posted; his claim only relates to the fifth posting—the only time a candidate was ultimately hired.